IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL DEWAYNE CONNER, | * |
| BOP Reg. No. # 10888-003, | * |
| | * |
|     Petitioner, | * |
| | * CRIMINAL NO. 18-00005-KD-B |
| vs. | * CIVIL ACTION NO. 24-00131-KD-B |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
|     Respondent. | * |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Daniel Dewayne Conner's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 71). This matter has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the undersigned

---

[1] United States District Judge Kristi K. DuBose presided over the proceedings in this matter. The undersigned has reviewed Petitioner Conner's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings in this case.

[2] A district court is not required to hold an evidentiary hearing on patently frivolous claims, claims that are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d

hereby recommends that Petitioner Conner's § 2255 motion (Doc. 71) be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2255(f), and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Conner. The undersigned further recommends that in the event Petitioner Conner requests a certificate of appealability and seeks to appeal *in forma pauperis,* said requests be **DENIED**.

I. BACKGROUND

On January 24, 2018, Petitioner Daniel Dewayne Conner ("Conner") was charged by information with four counts of possession with intent to distribute methamphetamine involving less than five grams and one count of possessing pseudoephedrine, a List I chemical. (Doc. 1). Conner waived his right to an indictment and agreed to plead guilty to all five counts of the information pursuant to a plea agreement. (Docs. 3, 4, 6). On January 31, 2018, Conner pled guilty to all five counts, and the Court accepted Conner's guilty plea and found him guilty as charged. (Doc. 9). On October 31, 2018, the Court sentenced Conner to a total term of 57 months' imprisonment, to be followed by a seven-year term of supervised release.[3] (Doc. 31 at 1-2).

---

1545, 1553 (11th Cir. 1989).

[3] Conner's term of imprisonment consisted of concurrent terms of 57 months as to each of counts one through five. (Doc. 31 at 2). Conner's term of supervised release consisted of concurrent terms of seven years as to each of counts one through four and three

2

The Court entered a judgment consistent with the pronounced sentence on November 21, 2018. (Doc. 31). Conner did not appeal his conviction or sentence.[4]

On April 7, 2021, Conner began his term of supervised release. (Doc. 33 at 1). On November 3, 2021, the probation office petitioned the Court to issue an arrest warrant for Conner and recommended that Conner's supervised release term be revoked for violating his conditions of supervision by using methamphetamine on multiple occasions and failing to enter residential substance abuse treatment as directed by the probation officer. (Doc. 34). The Court issued an arrest warrant for Conner on November 3, 2021, and the arrest warrant was executed on April 20, 2022. (Docs. 35, 41).

On April 21, 2022, Conner made his initial appearance for revocation of supervised release, and the Court appointed attorney Joe Carl Jordan to represent Conner in the revocation proceedings. (Doc. 37, 39). Conner waived his right to a preliminary hearing and was ordered to be detained pending his final revocation hearing. (Docs. 38, 39).

---

years as to count five. (Id. at 3).

[4] Federal Public Defenders Christopher Knight and Fred Tiemann represented Conner during his 2018 plea and sentencing proceedings. (See, e.g., Docs. 4, 8).

In May 2022, attorney Domingo Soto entered his appearance as retained counsel for Conner, and Jordan was permitted to withdraw as counsel for Conner. (Docs. 42, 44, 45). In August 2022, the probation office amended its original petition and asserted two additional violations of Conner's conditions of supervision based on his possession of a loaded firearm and illegal possession of controlled substances on April 20, 2022. (Doc. 54). On September 9, 2022, the Court conducted a revocation hearing and found that Conner had violated his conditions of release.[5]

In October 2022, attorney Megan Allgood entered her appearance as retained counsel for Conner, and the Court granted Soto's motion to withdraw from the case. (Docs. 59, 60, 61). At Conner's final revocation hearing on January 27, 2023, the Court revoked Conner's supervised release term and sentenced him to 18 months in prison, to be followed by 18 months of supervised release. (Doc. 68 at 2-3). The Court entered a judgment consistent with the pronounced sentence on January 31, 2023. (Doc. 68). Conner did not appeal.

---

[5] Conner admitted that he was guilty of violating his conditions of release by using methamphetamine on multiple occasions, possessing a loaded firearm, and illegally possessing controlled substances including methamphetamine and marijuana. (Doc. 68 at 1). Conner denied that he was guilty of violating a special condition of release by failing to enter residential substance abuse treatment as directed by the probation officer, but the Court found Conner guilty of violating that condition. (Id.).

On April 19, 2024,[6] Conner filed a *pro se* motion to vacate, set aside, or correct sentence, which was not on this Court's required form for a motion under 28 U.S.C. § 2255. (Doc. 69). Therefore, the Court ordered Conner to file an amended § 2255 motion on the proper form. (Doc. 70). On May 13, 2024, Conner filed an amended motion under § 2255 to vacate, set aside, or correct sentence, which is now his operative pleading in this case. (Doc. 71). The Government filed a response in opposition to Conner's operative § 2255 motion (Doc. 75), and Conner filed a timely reply. (Doc. 77). Thus, Conner's § 2255 motion has been fully briefed and is ripe for resolution.

## II.   HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error,

---

[6] Under the mailbox rule, "a *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam). Absent evidence to the contrary, that date is presumed to be the date the prisoner signed the motion. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

5

> the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings.  The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

## III. DISCUSSION

In ground one of his amended § 2255 motion, Conner claims "ineffective assistance of counsel leading to autonomy interest violation in plea bargain." (Doc. 71 at 4). Conner states that "[t]hroughout his legal proceedings," he "was represented by four different attorneys." (Doc. 71-1 at 4). Conner asserts that "[t]his revolving representation" "contributed to a disjointed and inconsistent defense strategy" and "illustrates a clear deficiency in the consistency and quality of counsel, essential for informed decision-making in plea bargaining." (Id.). Conner contends that he would not have pled guilty "under different, more competent legal counsel," and he asserts that his "fragmented legal representation . . . raises serious concerns about" the "voluntariness and informed nature" of his guilty plea. (Id. at 4-5).

6

In ground two, Conner claims that a "breach of the plea agreement led to [a] sentencing disparity." (Doc. 71 at 5). Conner contends that he "was subject to a breach of the plea agreement, which promised a Supervised Release Term (SRT) of 3 years, whereas the court imposed an SRT of 7 years." (Doc. 71-1 at 9). According to Conner, "[t]his not only breached the explicit terms of the plea agreement but also violated federal sentencing guidelines, which prescribe maximum allowable terms for supervised release." (Id.). Conner also asserts that "the stacking of the amount of drugs attributed to [him] significantly increased the severity of the sentence imposed, likely exceeding what might have been imposed under a more accurate accounting." (Id.).

In ground three, Conner again asserts "ineffective counsel" and alleges that "the cumulative impact of the constitutional errors infringed on [his] due process right(s)." (Doc. 71 at 7). Conner requests "a reevaluation of his sentence to rectify the injustices stemming from the identified legal deficiencies." (Doc. 71-1 at 11).

The Government argues that Conner's § 2255 motion should be dismissed or denied because his claims are time-barred, procedurally defaulted, and meritless. (Doc. 75).

**A.   Conner's Claims Are Time-Barred.**

"The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations to bring a § 2255

7

motion." Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (citing 28 U.S.C. § 2255(f)).  The one-year limitation period begins to run on the latest of the following four triggering dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The timeliness of each claim asserted in a § 2255 motion must be considered independently.  Beeman, 871 F.3d at 1219.

"Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Id. (quoting 28 U.S.C. § 2255(f)(1)).  Conner has not alleged, and there is no reason to believe, that any of the alternative triggering dates provided in § 2255(f)(2)-(4) apply to his claims.  Therefore, the one-year limitation period for each of Conner's claims commenced on the date when the applicable judgment of conviction became final.  See 28 U.S.C. § 2255(f)(1).

To the extent Conner is challenging his original judgment of conviction entered on November 21, 2018, that judgment became final on or about December 5, 2018, the date by which Conner could have timely filed a notice of appeal challenging his conviction or sentence. See Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final [for purposes of § 2255(f)(1)] when the time for seeking that review expires."); Fed. R. App. P. 4(b)(1)(A)(i) (providing that a defendant in a criminal case must file a notice of appeal within fourteen days after entry of the judgment being appealed). So, Conner had until on or about December 5, 2019 to timely file a § 2255 motion attacking his original judgment of conviction, but he did not file his initial § 2255 motion in this case until April 19, 2024, more than four years after that deadline.

To the extent Conner's § 2255 motion can be construed to challenge his judgment for revocation of supervised release entered on January 31, 2023, that judgment became final on or about February 14, 2023, the date by which Conner could have timely filed a notice of appeal. See Hinkson v. United States, 2023 U.S. Dist. LEXIS 54586, at *5, 2023 WL 2713997, at *2 (N.D. Ga. Mar. 30, 2023) ("Movant was sentenced on September 13, 2017, in conjunction with the revocation of his supervised release. He failed to appeal, which means the conviction became final fourteen days later on

September 27, 2017."). Thus, Conner had until on or about February 14, 2024 to timely file a § 2255 motion attacking his judgment for revocation of supervised release. But again, Conner did not file his initial § 2255 motion in this case until April 19, 2024, more than two months after that deadline.

Accordingly, Conner's motion is barred by the one-year statute of limitations in 28 U.S.C. § 2255(f)(1), unless he can demonstrate that he is entitled to equitable tolling or another exception to the time bar.

### B. Conner Has Not Shown that Equitable Tolling is Warranted.

The statute of limitations set forth in 28 U.S.C. § 2255(f) may be equitably tolled in appropriate cases. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam); see also Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that a similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271. "Because equitable tolling is an extraordinary remedy, it is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (quotations omitted). A petitioner is entitled to equitable

10

tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation omitted).

In his reply brief, Conner asserts that his "fragmented legal representation and the breaches of his plea agreement" constitute extraordinary circumstances justifying the application of equitable tolling. (Doc. 77 at 2). In particular, Conner states that he "was represented by three different attorneys during the course of his proceedings, each providing contradictory advice and failing to adequately communicate the implications of the plea agreement[,]" and he asserts that "[t]his constant turnover in legal representation created a state of confusion and misinformation that prevented [him] from fully understanding his rights and the consequences of his plea." (Id.).

Conner's suggestion that equitable tolling is warranted based on the fact that he had several different attorneys throughout the supervised release revocation proceedings in this case is utterly meritless. Significantly, the record reflects that Conner was jointly represented by Fred Tiemann and Christopher Knight from the date of his plea agreement through his sentencing and judgment in 2018. Indeed, the docket shows that Tiemann's and Knight's representation of Conner was not terminated until April 21, 2022, when new counsel was appointed to represent Conner in connection

11

with his supervised release revocation proceedings. Thus, Conner's assertion that his legal representation was "fragmented" – particularly as it relates to his 2018 plea agreement and guilty plea – is simply false.

Although Conner was represented by three different attorneys during his supervised release revocation proceedings in 2022 and 2023, he does not explain how this possibly could have prevented him from timely filing a § 2255 motion relating to his 2018 guilty plea and sentence. Nor does Conner explain how his legal representation prior to entry of the revocation judgment in January 2023 prevented him from timely filing a § 2255 motion challenging that judgment after it was entered. Conner asserts that the "constant turnover in legal representation created a state of confusion and misinformation that prevented [him] from fully understanding his rights and the consequences of his plea." (See Doc. 77 at 2). But such "vague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014).

The Court also notes that Conner's representation by three different attorneys during his revocation proceedings was not an extraordinary circumstance beyond his control. Rather, it was the result of Conner's own decisions to twice retain new counsel after

12

the Court initially appointed CJA counsel to represent him in connection with the revocation proceedings. (See Docs. 37, 42, 43, 59, 60). The Court further notes that "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship . . . <u>or</u> some other professional misconduct <u>or</u> some other extraordinary circumstance is required." <u>Cadet v. Fla. Dep't of Corr.</u>, 853 F.3d 1216, 1227 (11th Cir. 2017) (emphasis in original). Thus, Conner's assertions that his attorneys gave him "contradictory advice" and failed "to adequately communicate the implications of the plea agreement" are insufficient to establish extraordinary circumstances warranting equitable tolling. Moreover, contrary to Conner's assertion, it is clear that the alleged "discrepancy between the promised 3-year supervised release term and the imposed 7-year term" should have been "immediately apparent" to him from even a cursory comparison of his plea agreement and sentence. (<u>See</u> Doc. 4 at 4; Doc. 31 at 3; Doc. 77 at 2).

Lastly, the Court notes that Conner makes no attempt to demonstrate that he acted with the diligence necessary to satisfy the other prong of equitable tolling. Indeed, he fails to identify even a single action he took in pursuit of filing a § 2255 motion within the applicable one-year limitation period. Accordingly, Conner has failed to establish that equitable tolling is warranted.

### C. The Actual Innocence Exception Does Not Apply.

Before recommending dismissal based on untimeliness, the undersigned still must consider whether a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (holding that actual innocence, if proved, serves as a gateway to review of claims barred by the expiration of the AEDPA's statute of limitations). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). This "standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (citation omitted).

Conner does not argue that he is actually innocent of his crimes of conviction, and he presents no new evidence whatsoever. Thus, Conner fails to make a colorable claim of actual innocence.

14

Accordingly, Conner's § 2255 motion is time-barred, and the claims raised therein warrant no further consideration.[7]

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**.  See Rules Governing § 2255 Proceedings, R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  See 28 U.S.C. § 2253(c)(1).  A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of an underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

---

[7] Because the Court finds that Conner's § 2255 motion is time-barred, it is not necessary to address the other arguments raised by the Government.

15

would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After reviewing the issues presented in light of the applicable standards, the Court concludes that reasonable jurists would not find the Court's disposition of Conner's claims wrong or debatable, and that none of the issues presented are adequate to deserve encouragement to proceed further. As a result, Conner is not entitled to a certificate of appealability and, consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## V. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner Daniel DeWayne Conner's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 71) be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2255(f), and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Daniel Dewayne Conner. The undersigned further submits that Petitioner Conner is not entitled to the issuance of a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

16

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **15th** day of **August, 2024.**

                                    **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**